Matter of Imanuel D.W. (Shaunette W.) (2018 NY Slip Op 04099)





Matter of Imanuel D.W. (Shaunette W.)


2018 NY Slip Op 04099


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6816 6815 6814

[*1]In re Imanuel D. W., and Others, Dependent Children Under the Age of Eighteen Years of Age, etc., Shaunette W., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Marion C. Perry, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child Imanuel D. W.
Larry S. Bachner, New York, attorney for the children Starr S. W. and Leroy E. R. Jr.



Orders, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about August 12, 2016, which, upon a fact-finding determination that respondent mother is presently and for the foreseeable future unable to care for the subject children by reason of mental illness, terminated her parental rights to the children and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that the mother, by reason of her mental illness, is unable, at present and for the foreseeable future, to provide proper and adequate care for the children (see Social Services Law § 384-b[4][c], [6][a]; Matter of Abigail Bridget W. [Janice Antoinette W.], 112 AD3d 468, 469 [1st Dept 2013]). The court properly relied on the unrebutted court-appointed expert's diagnosis and testimony as to the nature and severity of the mother's illness, which was based on his own evaluation and review of the relevant medical records. The hearing testimony demonstrated, among other things, the mother's lack of insight into her mental illness and ability to care for the children, as well as her lack of compliance with the prescribed medication that was needed to control her illness
(see Matter of Mar De Luz R. [Luz R.], 95 AD3d 423 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK